UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EUGENE SARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-1810-G |
| SERUM PRODUCTS, LLC, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Serum Products, LLC, Bill and Joyce Buchman, and Bill and Pam Lyon (collectively, "the defendants" or "Serum"), to dismiss for lack of personal jurisdiction, for improper venue, or, in the alternative, for a transfer of venue pursuant to 28 U.S.C. § 1406. For the reasons set forth below, the defendants' motion is granted.

I. BACKGROUND

At issue in this case are the plaintiff Eugene Sartin's claims against the defendants Serum Products, LLC ("Serum"), Bill and Joyce Buchman, and Bill and Pam Lyon for breach of contract, fraud, and conspiracy to commit fraud. The

plaintiff alleges that by letter contract dated August 6, 2007, Serum, through its president Bill Buchman, entered into a contract whereby the plaintiff was to assume the position of "National Accounts Manager." *See* Plaintiff's Original Petition and Jury Demand ("Petition") ¶ 14. According to the plaintiff, under "Phase I" of the contract, as "National Accounts Manager," he was to be responsible for developing "large accounts with multiple locations and large revenue sources" and was to be compensated by a 25% commission of sales "paid on receipt of payment." *Id.* "Phase II" of the contract was set to begin after "Phase I" began to show "expected success." *Id.* Under "Phase II," Serum was to begin employing additional personnel and the plaintiff was to move to a salaried position. *Id.* Finally, "Phase III" would begin when decided by the parties based on the success of the previous two phases. *Id.* During the third phase, the plaintiff would "have an opportunity to become a part of upper management and a stockholder." *Id.*

The plaintiff avers that the defendants breached the contract because they had not yet paid him "sales commissions already due and owing." *Id.* ¶ 15. Furthermore, he maintains that the defendants Bill Lyon and Bill Buchman hired the defendant Nick Fortner without consulting him, as required by the parties' contract. *Id.* ¶ 16. Plaintiff also alleges that defendants Bill Lyon and Bill Buchman conspired to commit and did commit fraud by inducing the plaintiff to expend his own money and time without reimbursement, and caused the plaintiff to expend "valuable time

representing a patented product when in fact the patent was only a provisional pending patent request." *Id.* ¶¶ 20, 22. The plaintiff further contends that Bill Lyon and Bill Buchman "fraudulently claim that Lyon created the formula for the Serum system." *Id.* Finally, the plaintiff alleges that at a dinner meeting on September 14, 2007, the defendant Bill Lyon told the plaintiff that he would modify plaintiff's original contract to include stock ownership as well as other changes discussed between the parties. However, these changes were never made. *Id.* ¶ 23.

Based on these allegations, the plaintiff filed his original petition on September 25, 2007, and included as named defendants: Serum Products, LLC, Bill Buchman, Joyce Buchman, Bill Lyon, Pam Lyon, Jim Knocke, Nick Fortner, and Jim Naylor. *Id.* ¶¶ 3-10. The case was removed to this court on October 30, 2007. In response to the plaintiff's original petition, the defendants filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See* Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). The plaintiff does not contest the dismissal of Nick Fortner, Jim Knocke, and Jim Naylor as individual defendants. *See* Plaintiff's Response to Defendants' Motion to Dismiss ("Response") at 2. As a result, the motion to dismiss is granted as to Nick Fortner, Jim Knocke, and Jim Naylor.

The remaining defendants are: Serum Products, LLC, Bill Buchman, president of Serum, his wife Joyce Buchman, a shareholder of Serum, Bill Lyon, technical

director and patent holder of Serum, and his wife Pam Lyon, also a shareholder of Serum. The defendants have moved to dismiss due to lack of personal jurisdiction, improper venue, or, in the alternative, for a transfer of venue pursuant to 28 U.S.C. § 1406(a). *See* Motion to Dismiss ¶ 17.

## II. ANALYSIS

### A. The Factual Standard: A *Prima Facie* Case

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir.1999). If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet his burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. "In its response to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff cannot stand on [his] pleadings, but must, through affidavits or otherwise, set forth specific facts demonstrating that the Court has jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 2004 WL 532714, *2 (N.D. Tex. Feb. 11, 2004), *aff'd*, 415 F.3d 419 (5th Cir. 2005).

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in

favor of the plaintiff.  *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.  However, "[a]lthough jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (quoting *Panda Brandywine Corporation v. Potomac Electric Power Company*, 253 F.3d 865, 868 (5th Cir. 2001)).  In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

### B. <u>Plaintiff Fails to Make a *Prima Facie* Case</u>

The plaintiff, in failing to properly respond to the defendants' motion to dismiss, has not set forth a *prima facie* case.  As a result, the court need not examine the due process requirements for personal jurisdiction.  Here, the plaintiff has offered nothing more than bare-bones jurisdictional allegations in both his state petition and his response to the defendants' motion to dismiss.[*]  The plaintiff fails to allege which

---

[*]  In his original petition, the plaintiff alleged that "[v]enue is proper in Dallas County, Texas because [the plaintiff] resided in this county at the time the causes of action accrued and all or a substantial part of the events or omissions occurred in this county" and that "[v]enue is proper against [d]efendant because some of [the plaintiff's] claims against [d]efendants arise out of occurrences which took place in Dallas County, Texas."  Petition ¶¶ 11, 12.  The plaintiff used the same language in his response to the motion to dismiss, and nothing more, choosing

(continued...)

activities occurred in Texas or establish a *prima facie* showing of personal jurisdiction. The court is not required to "credit conclusory allegations, even if uncontroverted." *Brandywine*, 253 F.3d at 868-69.

Because the plaintiff bears the burden of establishing this court's jurisdiction over the defendants, *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592, and because the plaintiff may not stand on his pleadings alone, *Fielding*, 2004 WL 532714 at *2, the plaintiff has not established a *prima facie* case for personal jurisdiction over the defendants.

### III. CONCLUSION

Accordingly, the defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**SO ORDERED**.

March 25, 2008.

                                                     _____
                                                     **A. JOE FISH**
                                                    **Senior United States District Judge**

---

*(...continued) instead to spend five pages discussing case law on piercing the corporate veil and concluding the motion by stating that "[i]t is premature for a *Rule 12(b)(6)* motion to dismiss." *See generally* Response at 7 (emphasis added).